# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GARY ROYBAL,

    Plaintiff,

vs.                                              CIV 97-1345 JC/WWD

JOHNSON CONTROLS WORLD
SERVICES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came on for consideration of Defendant's Motion for Summary Judgment, filed November 11, 1998 (Doc. No. 14). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motion is not well taken and will be **denied**.

### Background

Plaintiff is a Hispanic male who previously worked for Defendant Johnson Controls World Services, Inc. ("Johnson Controls") in Los Alamos, New Mexico. Sometime in late 1996, a supervisor position opened up at Johnson Controls. Plaintiff applied for the position along with three other individuals–John Keene, Jay Fenimore and Danny Ortiz. John Keene and Jay Fenimore are Caucasian and Danny Ortiz is Hispanic.

Johnson Controls interviewed three of the applicants in early 1997. Jay Fenimore was not interviewed because he was deemed to be unqualified. Following the interviews, John Keene was

selected for the position. Plaintiff subsequently filed a complaint with the New Mexico Human Rights Division on March 3, 1997, claiming discrimination based on his national origin.

Shortly after Plaintiff was denied the supervisor position, Plaintiff's position at Johnson Controls was downgraded from Heavy Equipment Foreman to Leadman. This downgrade included a significant pay cut. Plaintiff amended his EEOC complaint to include a retaliation claim for the demotion to Leadman. On July 22, 1997, the EEOC issued a right-to-sue letter.

Plaintiff now sues Defendant pursuant to Title VII, 42 U.S.C. §§ 2000e-2000e-5. Count One of Plaintiff's Complaint alleges that Defendant's failure to promote Plaintiff into the Supervisor position was based on race. Count Two of the Complaint alleges that Plaintiff's downgrade to Leadsman was in retaliation for filing the EEOC complaint.

## Summary Judgment Standard

Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 33 (10th Cir. 1998) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). For a non-moving party to survive summary judgment, that party must go beyond the pleadings and "designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment" for issues they bear the burden of proving at trial. *Akin*, 156 F.3d at 1034 (internal quotations omitted). Whether the non-moving party bears the burden of proof at trial is a matter of substantive law–as is whether certain facts are material in a given case. *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1165 (10th Cir. 1998) (*citing Anderson v. Liberty Lobby, Inc.*,

2

477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

**Analysis**

I. Failure to promote.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court provided an analytical framework to evaluate Title VII disparate treatment and retaliation claims such as those alleged by Plaintiff. *See Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985 (10th Cir. 1996); *Randle v. Aurora*, 69 F.3d 441, 451 (10th Cir.1995); *Sorensen v. City of Aurora*, 984 F.2d 349, 352 (10th Cir.1993). The *McDonnell Douglas* framework is a three-stage inquiry. In the first stage, the plaintiff must prove by a preponderance of the evidence a prima facie case of discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *McDonnell Douglas*, 411 U.S. at 802 (1973). Once a prima facie case is established, a presumption is created that the defendant employer discriminated against the plaintiff. *Burdine*, 450 U.S. at 254. The burden then shifts to the employer in the second stage to rebut the presumption of discrimination by "articulat[ing] some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802. The employer must clearly and specifically set forth its reasons for rejection by introducing admissible evidence. *Burdine*, 450 U.S. at 255; *Sorensen*, 984 F.2d at 352.

Once the employer meets the burden of offering a legitimate rationale for its decision, the burden then shifts back to the plaintiff to show that the defendant's asserted reasons for the employee's rejection were a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804. The plaintiff's proof of pretext must consist of more than a mere refutation of the defendant's explanation; the plaintiff may show pretext "either directly by persuading the court that a discriminatory reason

3

more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256; *see also Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 798 (10th Cir. 1993), *abrogated on other grounds by Buchanan v. Sherrill*, 51 F.3d 227, 229 (10th Cir. 1995).

In this case, Defendant acknowledges that Plaintiff has established a prima facie case of discrimination–Plaintiff is Hispanic, he was qualified for the position, and a non-minority (Mr. Keene) was selected. *See* Def.'s Motion at 7. Defendant also articulates a legitimate non-discriminatory reason for promoting Mr. Keene over Plaintiff. Defendant contends Mr. Keene was the best candidate for the supervisor position because he had a greater knowledge of the supervisor's job requirements and had acted as a supervisor in the past. *See* Def.'s Motion at 3 and Ex. B; Def.'s Reply at Ex. A1 & A2.

Thus, Plaintiff's disparate treatment claim comes down to whether or not Plaintiff has shown that Defendant's articulated reasons for not selecting Plaintiff are pretextual. To establish pretext, Plaintiff challenges the qualifications of Mr. Keene. Plaintiff claims Mr. Keene was "willing to make false statements in order to promote his own interests." Pl.'s Response at 4. Plaintiff further claims that the interviewers were mislead by Mr. Keene. Plaintiff claims the interviewers took Mr. Keene's descriptions at face value and did not investigate his answers. Plaintiff goes on to claim that the interviewers "were not supplied with Plaintiff's personnel file, [and thus] could not take into account the excellent year-by-year quality of Plaintiff's service." *Id.* at 7. Plaintiff also claims that references of the interviewees were not checked by the interviewers, and disciplinary records were not reviewed.

Plaintiff also challenges the experience of the interviewers. Plaintiff claims the interviewers were not experienced in heavy equipment operation and maintenance and thus could not have

4

determined that Mr. Keene was more knowledgeable than Plaintiff. Plaintiff highlights that each of the interviewers gave Plaintiff the same score on the interview, a circumstance he claims is so unlikely that it must be a pretext for discrimination.

Finally, Plaintiff claims that Mr. Keene did not serve as interim supervisor while Mr. Cole was away. Plaintiff argues that Mr. Keene was a union member which made him ineligible to act as supervisor. Plaintiff has submitted the Affidavit of Mr. Cole which states that Mr. Keene did not, and could not, serve as supervisor when he was away. *See* Pl.'s Res. at Ex. 2. Mr. Cole's Affidavit directly contradicts Defendant's assertion that one of the reasons Plaintiff was not selected for the promotion was that Mr. Keene had previously served as the interim supervisor. *Compare* Def.'s Motion at 8, *and* Def.'s Motion Ex. B, ¶ J, *with* Pl.'s Res. Ex. 2.

It is this final argument that persuades me to deny Defendant's motion on this count. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (*citing Olson v. General Elec. Astrospace*, 101 F.3d 947, 951-52 (3d Cir. 1996)) (internal quotations omitted). The direct contradiction between Mr. Cole's Affidavit and Defendant's contention is evidence of pretext, and could lead a reasonable jury to conclude that Defendant discriminated against Plaintiff. *See Hooks*, 997 F.2d 793 at 798. Consequently, Defendant's motion will be denied on Plaintiff's failure to promote claim.

I caution that Plaintiff's case survives by the thinnest of margins. Plaintiff's attempt to discount each point of Mr. Keene's resumé is misdirected. Plaintiff has missed the critical issue of

whether or not Defendant knew Mr. Keene was less qualified and still hired him based on race. Plaintiff's allegation that Mr. Keene was untruthful on his resumé is irrelevant.

II. Retaliation

Defendant also moves for summary judgment on Plaintiff's retaliation claim. Under Title VII it is unlawful "for an employer to discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Retaliation claims under this section are also analyzed under the three-step *McDonnell Douglas* test. *See Grady v. Shawnee Pub. Sch. Dist. 1-93*, No. 98-6099, 1998 WL 852533, at *4 (10th Cir. Dec. 10, 1998). In order to prevail on a retaliation claim,

> the plaintiff initially must establish a prima facie case of retaliation. The burden of production then shifts to the employer to offer a legitimate non-retaliatory reason for the [adverse action]. If the employer offers such a reason, the burden then shifts back to the plaintiff to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual.

*Id.* (quotations and citations omitted).

A prima facie case requires a showing of: (1) protected activity by the employee; (2) adverse action by the employer; and (3) a causal connection between the protected activity and the adverse action. *Id.* (*citing Sauers v. Salt Lake County*, 1 F.3d 1122, 1128 (10th Cir.1993)); *Morgan*, 108 F.3d at 1324. If the employee establishes a prima facie case, the burden shifts to the employer to show that the same action would have been taken even in the absence of the employee's protected activity. Once the employer comes forward with this rationale, the employee assumes the burden of showing pretext.

I find that Plaintiff has made a prima facie showing of retaliation. Plaintiff filed an EEOC discrimination complaint, Plaintiff was downgraded from Foreman to Leadsman within 28 days of the complaint, and the people who made the downgrade decision may have known of the complaint. Pl.'s Res. Ex. 5 & 6. I also find that Plaintiff has shown that Defendant's proffered reason for downgrading/demoting him could reasonably be viewed as pretext.

Defendant claims Plaintiff was downgraded to Leadman because the company had too many Foremen, and because Plaintiff was not supervising any employees. *See* Def.'s Motion at 16; Ex. C, ¶ H & I; Ex. D, ¶ F. Plaintiff counters with the timeliness of his downgrade (28 days from the filing of Plaintiff's discrimination claim), coupled with a post-downgrade examination of the Heavy Equipment Department. *See* Pl.'s Response 9-10; Ex. 1, ¶ 22-23. Plaintiff claims that prior to his downgrade the Heavy Equipment Department had three foremen and that "within a few months after my demotion the Heavy Equipment Department had eight Foremen, *including three who had no supervisees*." Pl.'s Resp. Ex. 1, ¶ 22. Taken together, these contentions evidence pretext and signify a genuine issue of material fact for trial.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment, filed November 11, 1998 (Doc. No. 14) is **denied**.

DATED December 28, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiff: | Herbert M. Silverberg<br>Santa Fe, New Mexico |
| Counsel for Defendant: | Foley & Lardner<br>Guy O. Farmer II & Melissa O. Hanson<br>Jacksonville, Florida |
| | Montgomery & Andrews<br>Bruce Herr<br>Santa Fe, New Mexico |